**ORIGINAL**

1  ROBERT JON HENDRICKS (SBN 179751)
   LARRY M. LAWRENCE (SBN 232720)
2  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel: 213.612.2500
   Fax: 213.612.2501
5  E-mail: rhendricks@morganlewis.com
   E-mail: llawrence@morganlewis.com
6
   Attorneys for Defendant
7  AMERICAN AIRLINES, INC.

8

9              UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11
   ROBERT S. MAWHINNEY,                Case No. '09CV 2869   L   RBB
12 INDIVIDUALLY AND AS A
   REPRESENTATIVE OF OTHER             [San Diego Sup. Court Case No. 37-
13 MEMBERS OF THE PUBLIC              2009-00102754-CU-OE-CTL]
   SIMILARLY SITUATED,
14                                     DEFENDANT AMERICAN
           Plaintiffs,                 AIRLINES, INC.'S NOTICE OF
15                                     REMOVAL PURSUANT TO 28
       vs.                             U.S.C. §§ 1332, 1441, 1446 1453
16
   AMERICAN AIRLINES, INC. AND         [Class Action Fairness Act and
17 DOES 1-10, INCLUSIVE,               Diversity Jurisdiction]

18         Defendants.
                                       Complaint Filed: November 24, 2009
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES          DB2/21464530.2

FILED
2009 DEC 22  PM 2: 49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY



1  |  TO THE UNITED STATES DISTRICT COURT FOR THE

2  |  SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ROBERT

3  |  S. MAWHINNEY AND HIS ATTORNEYS OF RECORD:

4  |       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441,

5  |  1446, and 1453, Defendant American Airlines, Inc. ("American") hereby removes

6  |  the above-entitled action from the Superior Court of the State of California in and

7  |  for the County of San Diego to the United States District Court for the Southern

8  |  District of California, and in furtherance of this removal aver:

9  |       1.     On or about November 24, 2009, Plaintiff Robert S. Mahwinney

10 |  ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of

11 |  the State of California in and for the County of San Diego, entitled *Robert S.*

12 |  *Mawhinney, individually and on behalf of all others similarly situated v. American*

13 |  *Airlines, Inc. and Does 1-10, inclusive*, Case No. 37-2009-00102754-CU-OE-CTL

14 |  alleging the following cause of action: (1) Violation of the California Labor Code

15 |  Private Attorneys General Act of 2004 (the "Complaint"). On or about December

16 |  1, 2009, Plaintiff served American with the Complaint and other notices from the

17 |  state court. A true and correct copy of the Complaint is attached as Exhibit A.

18 |       2.     On December 21, 2009, American answered Plaintiff's Complaint. A

19 |  true and correct copy of American's Answer is attached as Exhibit B.

20 |       3.     This notice of removal is filed within thirty (30) days of service of the

21 |  Complaint and is therefore timely under 28 U.S.C. § 1446(b).

22 |       4.     **Class Action Fairness Act ("CAFA").** As set forth below, this is a

23 |  civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §

24 |  1332(d) because this matter was brought as a class action as defined by CAFA,

25 |  minimal diversity of citizenship exists between one or more members of the

26 |  putative class and at least one of the Defendants, and the amount in controversy

27 |  exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is

28 |  therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1      5.     This lawsuit is a civil action within the meaning of the Acts of

2 Congress relating to removal. *See* 28 U.S.C. § 1453.

3      6.     This lawsuit was brought by a person on behalf of a defined class of

4 individuals. Specifically, Plaintiff alleges that he is an "aggrieved employee" and

5 brings this action under the Private Attorney General Act ("PAGA") on a

6 "representative basis" on behalf of "Defendants' other current and former

7 California employees" *See* Exhibit A, ¶ 1.

8      7.     Accordingly, this matter is a purported class action pursuant to the

9 Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(1)(B), which

10 defines a "class action" as "any civil action filed under rule 23 of the Federal Rules

11 of Civil Procedure or similar State statute or rule of judicial procedure authorizing

12 an action to be brought by 1 or more representative persons as a class action." *Id.*;

13 *Hansberry v. Lee,* 311 U.S. 32, 37 (1940) ("[c]lass action suits are representative

14 suits brought on behalf of groups of persons who are similarly situated but who

15 may or may not be parties to the suit.").[1]

16      8.     **Diversity Jurisdiction.** In the alternative, if Plaintiff's claim is not a

17 class action as defined by CAFA, this is a civil action of which the Court has

18 original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one

19 which may also be removed by American pursuant to 28 U.S.C. § 1441. This is a

20 civil action where the amount sought by Plaintiff exceeds the sum or value of

21 $75,000, exclusive of interest and costs, and is between citizens of different states.

22      9.     **Citizenship.** Plaintiff is and was at all pertinent times a citizen of the

23 State of California. *See* Exhibit A, ¶ 2.

24      10.     American, at all pertinent times, was and is a corporation established

25 under the laws of the State of Delaware, and maintains its principal place of

26

27 [1] American disputes, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a representative or class action.

28

1 business in the State of Texas.  For purposes of diversity, a corporation is a citizen

2 of both the State in which it is incorporated (Delaware), and the State that

3 constitutes the corporation's "principal place of business" (Texas).  *See* 28 U.S.C. §

4 1332(c)(1).

5      11.   To determine whether a given State contains a substantial

6 predominance of corporate activity and therefore constitutes the principal place of

7 business, the following factors are considered: (1) location of employees; (2)

8 location of tangible property; (3) location of production activities; (4) relative

9 sources of income; and (5) where sales take place.  *Tosco Corp. v. Cmtys. For A*

10 *Better Env't.*, 236 F.3d 495, 500 (9th Cir. 2001); *Indus. Tectonics, Inc. v. Aero*

11 *Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

12      a.  American maintains hubs, which are major transfer points in the

13 Company's route system in the following cities: Dallas/Fort Worth, Texas;

14 Chicago, Illinois; Miami, Florida; and San Juan, Puerto Rico.  American does not

15 have a hub anywhere in California.

16      b.  American has, on average, 475 jet departures from its location in

17 Dallas/Fort Worth.  The second busiest location for American is Chicago, Illinois

18 which has, on average, 274 jet departures.  In contrast, American has only 223 jet

19 departures from *all* of its California locations *combined.*

20      c.  American has six reservation centers throughout the United

21 States.  The largest of these centers is located in Dallas/Fort Worth, Texas, with

22 approximately 2,000 employees.  The next largest location is in Tucson, Arizona,

23 with approximately 900 employees.  American has *no* reservation centers located in

24 California.

25      d.  American employs approximately 19,762 employees in the

26 Dallas/Fort Worth metropolitan area in Texas.  This number constitutes

27 approximately 20% of American's total employees, both domestic and

28 international.  This is compared to only 7,970 employees in all of its locations in

1  California, comprising only 8% of its total workforce.

2  e. American's headquarters are located in Texas.  American has a
3  training facility and a large maintenance facility in the Dallas/Fort Worth area.
4  American's facilities in the Dallas/Fort Worth areas include approximately 2.6
5  million square feet of office space, approximately 2.05 million square feet of
6  terminal space, roughly 400,000 square feet of cargo space, and about 1 million
7  square feet of other building space.  The substantial predominance of American's
8  business takes place in Texas.

9  12.  The citizenship of fictitiously named "Doe" defendants is to be
10  disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

11  13.  Therefore, based on the Complaint ,at least one member of the
12  proposed class of plaintiffs (Mahwinney) is a citizen of a state different from a
13  defendant (American Airlines, Inc.).

14  14.  **Amount in Controversy**.  Removal is proper in a non-class lawsuit if,
15  from the allegations of the Complaint and the Notice of Removal, it is more likely
16  than not that the amount sought exceeds $75,000.  *Sanchez v. Monumental Life Ins.*
17  *Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d
18  295, 298 (5th Cir. 1999).

19  15.  Where, as here, a complaint does not allege a specific amount in
20  controversy, the removing defendant must show that it is more likely than not that
21  the amount in controversy exceeds the statutory minimum.  *See Korn v. Polo Ralph*
22  *Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).  This "burden is not
23  'daunting,'" and does *not* obligate the removing defendant to "research, state, and
24  prove the plaintiff's claims for damages." *Id.* at 1204-05.

25  16.  In determining whether the jurisdictional minimum is met, the Court
26  considers all recoverable damages including statutory penalties and attorneys' fees.
27  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977);
28  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS*

1  *Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).[2]

2      17.    Plaintiff seeks a civil penalty in the amount of: (a) one hundred dollars

3  ($100.00) for each of the first violation per employee, per pay period, and (b) two

4  hundred dollars ($200.00) for each subsequent violation of each such provision, per

5  employee, per pay period under labor Code Section 2699(f). *See* Exhibit A, ¶¶ 1,

6  17-18. Plaintiff asserts there are over 2,000 employees for which he can recover

7  penalties. *Id.,* ¶ 11.

8      18.    The statute of limitations for claims for penalties under Labor Code

9  Section 2699 is one year. *See* Cal. Code of Civ. Proc. § 340(a). American

10  employees are paid wages on a bi-weekly basis. Accordingly, one year of potential

11  liability for a Section 2699 claim by a current employee could be $2,600 (*i.e.,* $100

12  x 26 pay periods). Therefore, the total amount sought by Plaintiff for the Labor

13  Code Section 2699 claim could be $5,200,000 ($2,600 x 2,000 employees).

14      19.    In addition, Plaintiff seeks an award of attorney's fees. *See* Exhibit A

15  ¶ 19, Prayer, at ¶ 2. Courts have held that an award of attorneys' fees, if such fees

16  are authorized, may be considered for purposes of calculating the amount in

17  controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.

18  1998). PAGA provides that a prevailing employee is entitled to reasonable

19  attorneys' fees. Cal. Labor Code § 2699(g)(1). Thus, the amount sought to be

20  recovered by Plaintiff exceeds the $75,000 amount in controversy requirement.

21      20.    Additionally, pursuant to CAFA, the claims of the individual members

22  in a class action are aggregated to determine if the amount in controversy exceeds

23  the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended

24
 
25
 

---

[2] *See Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe").

26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21464530.2

6

1   for federal jurisdiction to be appropriate under CAFA "if the value of the matter in

2   litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the

3   viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

4   damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S.

5   REP. 109-14, at 42). As set forth above, because the amount sought by Plaintiff is

6   in excess of $5,000,000 the amount in controversy under CAFA is also satisfied.

7        21.   In summary, although American denies Plaintiff's factual allegations

8   or that he or the employees that he purports to represent are entitled to the relief for

9   which he has prayed, based on Plaintiff's allegations and prayer for relief, the

10   amount sought by Plaintiff exceeds the $5,000,000, meeting jurisdictional

11   minimum for both diversity jurisdiction and CAFA jurisdiction.[2]

12        22.   **Venue.** Venue is proper in this district, pursuant to 28 U.S.C. §

13   1441(a), because the District Court for the Southern District of California is the

14   judicial district and division embracing the place where the state court case is

15   pending. Incidentally, as set forth in American's Notice of Related Cases,

16   American asserts that this case is related and substantially identical to a case

17   litigated and currently on appeal to the Ninth Circuit Court of Appeal from the

18   Central District of California and reserves the right to request that this case be

19   transferred to the Central District of California.

20        23.   American will promptly serve Plaintiff with this Notice of Removal

21   and will promptly file a copy of this Notice of Removal with the clerk of the

22   Superior Court of the State of California in and for the County of San Diego as

23   required under 28 U.S.C. § 1446(d).

24        24.   The Complaint, Answer, and other process attached hereto as Exhibit

25

26   [2] By estimating the amount Plaintiff may recovery if he prevails, American does
     not concede that Plaintiff will prevail on any claim or that, if he prevails, he is
27   entitled to damages in any particular amount at all. American reserves the right to
     dispute Plaintiff's claims with respect to both liability and damages.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21461530.2                               7

1   A and B constitute all process, pleadings, and orders received or sent by Defendant
2   in this case.
3       **NOW THEREFORE**, American respectfully requests that this action be
4   removed from the Superior Court of the State of California in and for the County of
5   San Diego to the United States District Court for the Southern District of
6   California, and that all proceedings hereinafter in this matter take placed in the
7   United States District Court for the Southern District of California.

8

9   Dated:  December 22, 2009            MORGAN, LEWIS & BOCKIUS LLP

10

11                                    By: _____
                                         Robert Jon Hendricks
12                                       Attorneys for Defendant
                                         AMERICAN AIRLINES, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

FILED
CIVIL BUSINESS OFFICE 9

09 NOV 24  PM 1:47

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  MESERVY LAW, P.C.
   LONDON D. MESERVY (SB# 216654)
2  1111 Sixth Avenue, Suite 404
   San Diego, CA 92101
3  Telephone:   858-779-1276
   Facsimile:   1-866-231-8132
4  london@meservylawpc.com

5  THE LAW OFFICE OF DAVID P. STRAUSS
   DAVID P. STRAUSS (SB# 96874)
6  1111 Sixth Avenue, Suite 404
   San Diego, CA 92101
7  Telephone:   619-237-5300
   Facsimile:   619-237-5311
8  ds@dstrausslaw.com

9  Attorneys for Plaintiff Robert S. Mawhinney,
   Individually, and as a Representative of
10 Other Members of the Public Similarly Situated

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF SAN DIEGO

14                          CENTRAL DIVISION

15

16 ROBERT S. MAWHINNEY,              Case No.  37-2009-00102754-CU-OE-CTL
   INDIVIDUALLY, AND AS A
17 REPRESENTATIVE OF OTHER           REPRESENTATIVE ACTION
   MEMBERS OF THE PUBLIC SIMILARLY
18 SITUATED,                         COMPLAINT FOR VIOLATION OF
                                     THE LABOR CODE PRIVATE
19              Plaintiffs,          ATTORNEYS GENERAL ACT OF
                                     2004 (CAL. LAB. CODE § 2698, ET
20        v.                         SEQ.)

21 AMERICAN AIRLINES, INC. AND
   DOES 1-10, INCLUSIVE,
22
                Defendants.
23

24

25

26

27

28

                                 1.

                        COMPLAINT FOR DAMAGES

1    COMES NOW Plaintiff Robert S. Mawhinney, individually and as a representative of

2  Defendants American Airlines, Inc.'s and Does 1-10's other California employees and asserts the

3  following claims:

4        1.     This is a representative action for recovery of penalties under the California Labor

5  Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698, et seq.

6  (See Arias v. Superior Court (2009) 46 Cal.4th 969.) PAGA permits an "aggrieved employee" to

7  bring a lawsuit on behalf of himself and other current and former employees, on a representative

8  basis, to address an employer's violations of the California Labor Code. In this case, Defendants

9  violated California Labor Code § 226 by failing to provide suitable itemized wage statements to

10  Plaintiff and their other current and former California employees. Plaintiff seeks penalties on

11  behalf of himself and Defendants' other current and former California employees.

12        2.     Plaintiff is, and at all times mentioned in this Complaint was, a resident of San

13  Diego County, California.

14        3.     Defendant American Airlines, Inc. ("Defendant") is a corporation organized and

15  existing under the laws of Delaware, and was and is at all times mentioned herein licensed and

16  qualified to do business in the state of California and did and continues to transact business in the

17  state of California. Defendant is an employer whose employees are engaged throughout San

18  Diego County, the state of California, and/or the various states of the United States of America.

19        4.     Whenever in this Complaint reference is made to any act, deed, or conduct of

20  Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or

21  through one or more of its officers, directors, agents, employees, or representatives, who was

22  actively engaged in the management, direction, control, or transaction of the ordinary business

23  and affairs of Defendant.

24        5.     Plaintiff is ignorant of the true names and capacities, whether individual,

25  corporate, associate or otherwise, of the defendants sued herein as Does 1 through 10, inclusive

26  and therefore sues said defendants (the "Doe Defendants")(Defendant and Doe Defendants are

27  collectively referred to as "Defendants") by such fictitious names. Plaintiff will amend this

28  Complaint to insert the true names and capacities of the Doe Defendants at such time as the

2.

1    identities of the Doe Defendants have been ascertained.

2        6.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are

3    the partners, agents, or principals and/or co-conspirators of Defendant, and of each other; that

4    Defendant and the Doe Defendants performed the acts and conduct herein alleged directly, aided

5    and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the

6    benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent

7    of the liability of the Defendants as alleged herein.

8        7.    Plaintiff is further informed and believes, and thereon alleges, that at all times

9    herein material, each defendant was completely dominated and controlled by its co-defendants

10   and each was the alter ego of the other.  Whenever and wherever reference is made in this

11   complaint to any conduct by Defendant or Defendants, such allegations and references shall also

12   be deemed to mean the conduct of each of the Defendants, acting individually, jointly and

13   severally.  Whenever and wherever reference is made to individuals who are not named as

14   defendants in this complaint, but were employees and/or agents of Defendants, such individuals at

15   all relevant times acted on behalf of Defendants named in this complaint within the scope of their

16   respective employments.

17                          **FACTUAL ALLEGATIONS**

18       8.    At all times set forth herein, Defendants employed, and continue to employ,

19   Plaintiff and other employees throughout the state of California.

20       9.    California Labor Code § 226(a) sets forth reporting requirements for employers

21   when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish

22   each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

23   (2) total hours worked by the employee ... (5) net wages earned ..., and (9) all applicable hourly

24   rates in effect during the pay period and the corresponding number of hours worked at each

25   hourly rate by the employee."

26       10.   Defendants failed, and continue to fail, to provide Plaintiff and many of their other

27   California employees with paystubs that contain the information required by California Labor

28   Code § 226(a).  Specifically, the wage statements Defendants furnished, and continue to furnish,

                                        3.

1  to Plaintiff and many of their other California employees fail to set forth all applicable hourly

2  rates in effect during the pay period and the corresponding number of hours worked at each

3  hourly rate by the employee in violation of California Labor Code § 226(a)(9).

4        11.    Based upon a pre-filing investigation conducted by Plaintiff's counsel, Plaintiff

5  alleges upon information and belief that Defendants employ more than 2,000 employees in the

6  State of California and provides a large majority of these employees with wage statements that

7  violate the requirements of California Labor Code § 226(a).  The exact number of California

8  employees to whom Defendants have provided such wage statements, as well as the exact number

9  of wage statements Defendants have provided during the applicable time period, can be easily

10  ascertained by reviewing Defendants' employee and payroll records.

11  **FIRST CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA LABOR CODE**

12  **PRIVATE ATTORNEYS GENERAL ACT OF 2004**

13  **(California Labor Code § 2698, *et seq.*)**

14  **(Against All Defendants)**

15        12.    Plaintiff repeats and incorporates herein by reference each and every allegation in

16  paragraphs 1 through 11 inclusive, as though fully set forth herein.

17        13.    California Labor Code § 226(a) sets forth reporting requirements for employers

18  when they pay wages:  "Every employer shall … at the time of each payment of wages, furnish

19  each of his or her employees … an itemized statement in writing showing (1) gross wages earned,

20  (2) total hours worked by the employee … (5) net wages earned …, and (9) all applicable hourly

21  rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate by the employee."

23        14.    Defendants furnished and continue to furnish Plaintiff and many of their other

24  California employees with wage statements that violate the requirements of California Labor

25  Code § 226(a).  Specifically, the wage statements Defendants furnished and continue to furnish

26  Plaintiff and many of their other California employees fail to set forth all applicable hourly rates

27  in effect during the pay period and the corresponding number of hours worked at each hourly rate

28  by the employee in violation of California Labor Code § 226(a)(9).  A violation of California

4.

1   Labor Code § 226(a) gives rise to private right of action under PAGA.

2       15.   PAGA permits an "aggrieved employee" to recover penalties on behalf of himself

3 or herself and other current or former employees as a result of the employer's violations of certain

4 sections of the California Labor Code.  Because Plaintiff is employed by Defendants and has

5 received, and continues to receive, wage statements that do not comply with California Labor

6 Code § 226(a), Plaintiff is an aggrieved employee under PAGA.

7       16.   Plaintiff has complied with the PAGA notice provision set forth in California

8 Labor Code § 2699.3(a)(1).  In a letter dated October 8, 2009, the California Labor and

9 Workforce Development Agency provided Plaintiff with notice that it does not intend to

10 investigate this violation.  Accordingly, Plaintiff is entitled to commence this action.

11      17.   PAGA, specifically California Labor Code § 2699(f), establishes a civil penalty to

12 be levied against California employers for violations of California Labor Code provisions that do

13 not contain their own civil penalties.  California Labor Code § 2699(f)(2) provides that "[i]f, at

14 the time of the alleged violation, an employer employs one or more employees, the civil penalty

15 is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation

16 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

17 violation."

18      18.   Because Defendants are employers that currently employ one or more employees,

19 the civil penalties set forth in California Labor Code § 2699(f)(2) apply.

20      19.   Plaintiff requests penalties against Defendants as provided under California Labor

21 Code § 2699(f)(2), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment, on behalf of himself and the other California employees, against each defendant, jointly and severally, as follows:

<u>On The First Cause of Action</u>

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs of suit; and

3.   For such other and further relief as the Court deems proper.

Dated: November 24, 2009

                             MESERVY LAW, P.C.
                             THE LAW OFFICE OF DAVID P. STRAUSS

By: _____
                             LONDON D. MESERVY (SB# 216654)

Attorneys for Plaintiff Robert S. Mawhinney, Individually, and as a Representative of Other Members of the Public Similarly Situated

6.

COMPLAINT FOR DAMAGES

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FILED
CIVIL BUSINESS OFFICE 8

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

09 NOV 24 PM 1:47

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:** AMERICAN AIRLINES, INC. AND DOES
**(AVISO AL DEMANDADO):** 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:** ROBERT S. MAWHINNEY
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del Caso):
**37-2009-00102754-CU-OE-CTL**

San Diego Superior Court
330 W. Broadway

San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DAVID P. STRAUSS, SBN 96874                    619-237-5300
THE LAW OFFICE OF DAVID P. STRAUSS
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

DATE: NOV 24 2009          Clerk, by _____ T. Lusch _____, Deputy
(Fecha)                    (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT B

1 | ROBERT JON HENDRICKS, State Bar No. 179751
2 | LARRY M. LAWRENCE, State Bar No. 232720
| MORGAN, LEWIS & BOCKIUS LLP
3 | 300 South Grand Avenue
| Twenty-Second Floor
4 | Los Angeles, CA 90071-3132
| Tel: 213.612.2500
5 | Fax: 213.612.2501
6 | Attorneys for Defendant
7 | AMERICAN AIRLINES, INC.

FILED
SMALL BUSINESS OFFICE 13
2009 DEC 21 P 12: 23
SUPERIOR COURT
SAN DIEGO COUNTY, CA

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10 | CENTRAL DIVISION

FAXED

11 |

12 | ROBERT S. MAWHINNEY, INDIVIDUALLY AND AS A
13 | REPRESENTATIVE OF OTHER MEMBERS OF THE PUBLIC
14 | SIMILARLY SITUATED,

15 | Plaintiffs,

16 | vs.

17 | AMERICAN AIRLINES, INC. and DOES
18 | 1-10, Inclusive,

19 | Defendants.

Case No. 37-2009-00102754-CU-OE-CTL

**DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Action Filed: November 24, 2009

20 |

21 | **GENERAL DENIAL**

22 | Defendant AMERICAN AIRLINES, INC. ("Defendant") hereby responds to the

23 | unverified Complaint for Damages of Plaintiff ROBERT S. MAWHINNEY ("Plaintiff") by

24 | denying generally each and every allegation contained therein, pursuant to California Code of

25 | Civil Procedure § 431.30(d).

26 | //

27 | //

28 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21465454.1

AMERICAN AIRLINES' ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant also asserts the following defenses without admitting any burden of proof at trial:

### First Affirmative Defense
(Failure to State a Cause of Action)

1.     The Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense
(Failure to Mitigate)

2.     Plaintiff's monetary claims, and the claims of the representative or class action members, are barred, in whole or in part, because they have not appropriately or adequately mitigated their alleged damages, if any.

### Third Affirmative Defense
(Avoidable Consequences)

3.     . The claims of Plaintiff and certain members of the representative or class action are barred in whole or in part by the doctrine of avoidable consequences.

### Fourth Affirmative Defense
(Estoppel)

4.     Plaintiff's claims and the claims of each representative or class action member, or some of them, are barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense
(Waiver)

5.     Plaintiff's claims and the claims of each representative or class action member, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

### Sixth Affirmative Defense
(Statute of Limitations)

6.     Plaintiff's claims and the claims of each representative or class action member, or some of them, are barred in whole or part by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure Section 340.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21465454.1                                        2

AMERICAN AIRLINES' ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Seventh Affirmative Defense**
(Laches)

7.     Plaintiff's claims and the claims of the representative or class action members, or some of them, are barred in whole or in part by the doctrine of laches.

**Eighth Affirmative Defense**
(Failure to Exhaust Internal/Administrative Remedies/Prerequisites)

8.     Plaintiff's claims and the claims of representative or class action members are barred in whole or in part because they failed to exhaust their internal and/or administrative remedies or prerequisites, including the requirements of the Labor Code Private Attorneys General Act.

**Ninth Affirmative Defense**
(Unclean Hands)

9.     Plaintiff's claims and the claims of the putative or members of the purported representative or class action, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

**Tenth Affirmative Defense**
(Due Process)

10.     Permitting this action to proceed as a representative or class action, would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**Eleventh Affirmative Defense**
(Release)

11.     To the extent that Plaintiff or any representative or class action member entered into any individual settlement agreement with Defendant or is otherwise bound by a release of claims against Defendant, any such individual has released the claims alleged in the Complaint.

**Twelfth Affirmative Defense**
(Excessive Fine)

12.     An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21465454.1

3

AMERICAN AIRLINES' ANSWER TO COMPLAINT

1 | process and other rights under the United States and California Constitutions.

### Thirteenth Affirmative Defense
(Lack Of Control And Manageability)

13.    The Complaint fails, to the extent it asserts a representative action, because a representative action would lack control and manageability.

### Fourteenth Affirmative Defense
(Additional Affirmative Defenses)

14.    Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by this action;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    The Court deny Plaintiff's request to proceed as a representative or class action;

3.    That Defendant be awarded its reasonable costs and attorneys' fees incurred, including but not limited to, under Section 218.5 of the Labor Code; and

5.    That the Court award Defendant such other and further relief as the Court may deem proper.

Dated: December 21, 2009

MORGAN, LEWIS & BOCKIUS LLP

By
Larry M. Lawrence
Attorneys for Defendant
AMERICAN AIRLINES, INC.

DB2/21465454.1

4

AMERICAN AIRLINES' ANSWER TO COMPLAINT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On December 21, 2009, I served the within documents:

### DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

MESERVY LAW, P.C.
LONDON D. MESERVY
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
T: 858.779.1276 / F: 866.231.8132

THE LAW OFFICE OF DAVID P. STRAUSS
DAVID P. STRAUSS
1111 Sixth Avenue, Suite 404
San Diego, Ca 92101
T: 619.237.5300 / F: 619.237.5311

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 21, 2009, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Connie Torres-Gabig

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21465454.1

5

AMERICAN AIRLINES' ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On December 22, 2009, I served the within documents:

### DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

MESERVY LAW, P.C.
LONDON D. MESERVY
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
T: 858.779.1276 / F: 866.231.8132

THE LAW OFFICE OF DAVID P. STRAUSS
DAVID P. STRAUSS
1111 Sixth Avenue, Suite 404
San Diego, Ca 92101
T: 619.237.5300 / F: 619.237.5311

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 22, 2009, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Connie Torres-Gabig

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21465454.1

5

AMERICAN AIRLINES' ANSWER TO COMPLAINT

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT S. MAWHINNEY, Individually and as a Representative of other Members of the Public Similarly Situated | AMERICAN AIRLINES, INC. and DOES 1-10 Inclusive, |

2009 DEC 22 PM 2: 48

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**09CV 2869  L  RBB**

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| MESERVY LAW, P.C.<br>London D. Merservy SBN216654<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101<br>838.779.1276 | Robert Jon Hendricks, SBN 179751<br>Larry M. Lawrence, SBN 232720<br>MORGAN LEWIS & BOCKIUS LLP<br>300 S. Grand Ave., 22nd Fl., L.A., CA 90071<br>213.612.2500 |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
(For Diversity Cases Only)    PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. 1332, 1441, 1446 and 1453.

28 1441

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor | ☐ 863 DIWC/DIWW | ☐ 892 Economic Stabilization |
| | ☐ 360 Other Personal Injury | Product Liability | Standards Act | (405(g)) | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Reporting & | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Determination Under |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Equal Access to Justice |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☒ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE Manuel L. Real
Docket Number  CV 07-03688R(SSX)

DATE  12/22/09

SIGNATURE OF ATTORNEY OF RECORD

:ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

OK  #8589    $350.00
NS    12/22/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008589
Cashier ID: msweaney
Transaction Date: 12/22/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
--------------------------------
CIVIL FILING FEE
 For: MAWHINNEY V AMERICAN AIRLINES
  Case/Party: D-CAS-3-09-CV-002869-001
  Amount:        $350.00
--------------------------------
CHECK
  Check/Money Order Num: 85154
  Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```